UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                      :

C.A.R.R.,                           :

                           :

                Petitioner,       :         26-CV-4284 (DEH)

                           :

      -v-                    :            NOTICE OF

                           :           <u>CONFERENCE</u>

GENALO, et al.,                :

                           :

                Respondents.     :

                           :

-------------------------------------------------------------------X


DALE E. HO, United States District Judge:

      This case has been assigned to me for all purposes.  It is hereby ORDERED that counsel for all parties appear for a conference with the Court on **Friday, May 29, 2026** at **11:00 a.m.** in Courtroom 905 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York.

      Respondents shall submit a letter, **no later than May 22, 2026 at 5:00 p.m.** indicating whether they believe the conference is necessary and addressing how the Court should handle this Petition.  In the letter, Respondents should address:

(1) whether Petitioner was, as the Petition alleges, *see* ECF No. 1 at 2-3, located in the Southern District of New York at the time that the Petition was filed;[1]

(2) the statutory provision(s) under which Respondents assert the authority to detain Petitioner; if Respondents assert that Petitioner is detained under 8 U.S.C. § 1226(a), they shall state the basis for their exercise of discretion to detain Petitioner;

(3) whether there is any basis to distinguish this case from *J.M.P. v. Arteta*, 804 F. Supp. 3d 387, 392 (S.D.N.Y. 2025), or from any other decision of this Court.  If Respondents take the position that the outcome of this Petition is controlled by *Cunha* or any other decisions of this Court, then the submission may take the form of a letter conceding that point and indicating whether Respondents would consent to issuance of the writ — subject to preservation of Respondents' arguments for appeal;

---

[1] If Respondents believe that Petitioner was not in the Southern District of New York at the time the Petition was filed, Respondents should indicate in the letter whether the Court should order immediate transfer to the District in which Petitioner was located at the time of filing.  *See, e.g., Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025).

1

(4) a copy of any final order of removal; and

(5) any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.

If Respondents do not take the position that the outcome of this Petition is controlled by a prior decision of this Court, Respondents are further **ORDERED** to Show Cause why the Petition for Writ of Habeas Corpus should not be granted by 5:00 pm **Wednesday, May 27, 2026**. *See* 28 U.S.C. § 2243. Petitioner shall have an opportunity to reply, if necessary, by **Thursday, May 28, 2026.**

By **May 22, 2026,** Petitioner's counsel is **DIRECTED** (1) to serve Respondents with a copy of the Petition and accompanying papers, along with a copy of this Order, by e-mail to the United States Attorney's Office for the Southern District of New York at Jeffrey.Oestericher@usdoj.gov and by overnight mail, and (2) to promptly file proof of such service in the docket. Counsel for Respondents shall promptly enter notices of appearance.

**To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the Court orders otherwise.** *See, e.g., Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction")[2]; *Garcia-Izquierdo v. Gartner*, No. 04 Civ. 7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25 Civ. 1935, ECF No. 9 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661-62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal).

---

[2] In all quotations from cases, citations, footnotes, brackets, ellipses, and emphases are omitted unless otherwise indicated.

2

In light of Petitioner's interests in participating in further proceedings before this Court and in maintaining adequate access to legal counsel through these proceedings, **it is further ORDERED that Petitioner shall not be transferred except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court.** *See Ozturk v. Trump*, No. 25 Civ. 374, 2025 WL 1145250, at \*15 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), *stay and mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025); *Westley v. Harper*, No. 25 Civ. 229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19 Civ. 1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); *Campbell v. U.S. Immigr. & Customs Enf't*, No. 20 Civ. 22999, ECF No. 13 (S.D. Fl. July 26, 2020) (granting a stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay"); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

All counsel are required to register promptly as filing users on ECF. **All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://nysd.uscourts.gov/hon-dale-e-ho.** Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

SO ORDERED.

Dated: May 22, 2026
New York, New York

_____
DALE E. HO
United States District Judge

4