UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                      :

C.A.R.R.,
                                        :

                         Petitioner,      :             26-CV-4284 (DEH)

             -v-                           :               NOTICE OF
                                          :             CONFERENCE

GENALO, et al.,
                                          :

                       Respondents.    :

                                          :
--------------------------------------------------------------------X

DALE E. HO, United States District Judge:

Respondents concede that the "law set forth in *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), and this Court's decision in *J.M.P. v. Arteta*, 804 F. Supp. 3d 387, 392 (S.D.N.Y. 2025), would likely lead this Court to order that Petitioner receive a bond hearing before an immigration judge under the procedures set out in Black." ECF No. 10 at 1. Petitioner's petition for a writ of habeas corpus is therefore **GRANTED IN PART**.

By **June 9, 2026**, subject to extension on consent of the parties, Respondents shall provide an individualized bond hearing to Petitioner at which Respondents bear the burden of proving by clear and convincing evidence that his continued detention is justified. Should they fail to provide such a hearing, Respondents shall release Petitioner from detention. Respondents shall file a status letter to update the Court about Petitioner's status by **June 9, 2026**.

It is further **ORDERED** that respondents are **ENJOINED** from denying bond on the basis that Petitioner be detained pursuant to 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(c)(1)(E) absent a change in relevant circumstances consistent with this Order; and it is further **ORDERED** that, if Petitioner is granted bond, Respondents be and are **ENJOINED** from

1

invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2). *See Rivera Guzman v. Arteta*, No. 26 Civ. 2808, 2026 WL 1045920, at *5 (S.D.N.Y. Apr. 16, 2026).  Respondents are further **ENJOINED** from imposing a discretionary stay that is issued "essentially on an *ex parte* basis" without an "individualized assessment of all the circumstances of the case." *J.M.P. v. Arteta*, 807 F. Supp. 3d 265, 289 (S.D.N.Y. 2025).

SO ORDERED.

Dated: May 26, 2026
New York, New York

_____
DALE E. HO
United States District Judge

2