THE
LEGAL AID
SOCIETY
CIVIL

Immigration Law Unit
49 Thomas St., 5th Floor
New York, NY 10013
www.legal-aid.org

**Direct Dial: 332-205-2292**
**Email: drosen@legal-aid.org**

Alan Levine
*President*

Twyla Carter
*Attorney-in-Chief*

Adriene Holder
*Attorney-in-Charge*
Civil Practice

Deborah Lee
*Attorney-in-Charge*
Immigration Law Unit

May 27, 2026

**By ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *C.A.R.R. v. Genalo*, No. 26 Civ. 4284 (DEH)

Dear Judge Ho:

Through undersigned counsel, Petitioner C.A.R.R. writes respectfully to request clarification regarding this Court's May 26, 2026 Order granting his petition for a writ of habeas corpus in part and ordering Respondents to provide a burden-shifted bond hearing by June 9, 2026. *See* ECF No. 11. Specifically, C.A.R.R. requests clarification regarding whether the immigration judge must meaningfully consider alternatives to detention when assessing both dangerousness and flight risk, and whether the immigration judge must meaningfully consider C.A.R.R.'s ability to pay if setting a monetary bond amount, as requested in his prayer for relief. *See* ECF No. 1 at 26.

As noted in the Order, "Respondents concede that the 'law set forth in *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), and this Court's decision in *J.M.P. v. Arteta*, 804 F. Supp. 3d 387, 392 (S.D.N.Y. 2025), would likely lead this Court to order that Petitioner receive a bond hearing before an immigration judge under the procedures set out in Black.'" ECF No. 11 at 1 (quoting ECF No. 10 at 1). In *Black*, the Second Circuit found that the district court "properly required the IJ to consider Black's ability to pay and alternatives to detention[.]" 103 F.4th at 158. As explained in C.A.R.R.'s petition, this conclusion was consistent with the prior practice of courts in this District. *See* ECF No. 1 at ¶ 70.

Since *Black* was decided, courts in this District that have ordered constitutionally adequate bond hearings for individuals like C.A.R.R. subject to prolonged detention under 8 U.S.C. § 1226(c) have regularly required the immigration judge to consider alternatives to detention with respect to dangerousness and flight risk, and ability to pay with respect to any monetary bond

amount. *See, e.g.*, *M.P.L. v. Arteta*, No. 25-CV-5307 (VSB)(SDA), 2025 WL 2938993, at * 6 (S.D.N.Y. Oct. 16, 2025) ("At the bond hearing, the IJ must consider alternative conditions of release before making a determination regarding whether to set a bond—that is, the IJ must consider alternatives to detention that may ameliorate both risk of flight and dangerousness—and must additionally consider the Petitioner's ability to pay when setting any bond amount."); *D.C. v. Noem*, --- F. Supp. 3d ---, No. 26 Civ. 1833 (PAE), 2026 WL 787895, at *12 (S.D.N.Y. Mar. 20, 2026) ("[T]he IJ must consider alternatives to detention in assessing D.C.'s flight risk and future dangerousness; and . . . the IJ, in setting the amount of a bond, must consider D.C.'s ability to pay."); *Veletanga v. Noemi*, No. 25-CV-9211 (NSR), 2025 WL 3751865, at *7 (S.D.N.Y. Dec. 26, 2025) ("At the hearing, the immigration judge must consider whether alternatives to detention would adequately serve the government's interest in ensuring Petitioner's appearance and the safety of the community. . . . If a bond would serve that interest, the immigration judge must consider Petitioner's ability to pay in setting the bond.") (internal citations omitted).

For these reasons, C.A.R.R. respectfully requests clarification regarding whether, at the bond hearing ordered by this Court, the immigration judge must meaningfully consider alternatives to detention when assessing both danger to the community and flight risk, as well as C.A.R.R.'s ability to pay if setting a monetary bond.

Respectfully submitted,

/s/ *Diana Yanguas Rosen*
Diana Yanguas Rosen
Sayoni Maitra
THE LEGAL AID SOCIETY
Immigration Law Unit
49 Thomas St., 5th floor
New York, NY 10013
Tel: 332-205-2292
drosen@legal-aid.org

*Counsel for Petitioner*

**The Government does not oppose the motion for clarification. ECF No. 15. Accordingly, the application is GRANTED. At the bond hearing ordered by this Court, the immigration judge must meaningfully consider alternatives to detention when assessing both danger to the community and flight risk, as well as C.A.R.R.'s ability to pay if setting a monetary bond. *See, e.g., M.P.L. v. Arteta*, No. 25 Civ. 5307, 2025 WL 2938993, at * 6 (S.D.N.Y. Oct. 16, 2025) ("At the bond hearing, the IJ must consider alternative conditions of release before making a determination regarding whether to set a bond—that is, the IJ must consider alternatives to detention that may ameliorate both risk of flight and dangerousness—and must additionally consider the Petitioner's ability to pay when setting any bond amount."); *D.C. v. Noem*, No. 26 Civ. 1833, 2026 WL 787895, at *12 (S.D.N.Y. Mar. 20, 2026) ("[T]he IJ must consider alternatives to detention in assessing D.C.'s flight risk and future dangerousness; and . . . the IJ, in setting the amount of a bond, must consider D.C.'s ability to pay."); *Veletanga v. Noemi*, No. 25 Civ. 9211, 2025 WL 3751865, at *7 (S.D.N.Y. Dec. 26, 2025) ("At the hearing, the immigration judge must consider whether alternatives to detention would adequately serve the government's interest in ensuring Petitioner's appearance and the safety of the community. . . . If a bond would serve that interest, the immigration judge must consider Petitioner's ability to pay in setting the bond.")**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: May 29, 2026
New York, New York